IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WALTER V. MURRAY, | : |
| Movant, | : CRIMINAL ACTION NO. |
| | : 1:09-CR-308-RWS-AJB-1 |
| v. | : |
| | : CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : 1:15-CV-325-RWS |
| | : |
| Respondent. | : |

## ORDER

This case is before the Court on Movant's "Motion to Vacate Plea Due to Immigration Consequences" [27], the Final Report and Recommendation ("R&R") of Magistrate Judge Alan J. Baverman [89], and the Government's Objections [98].[1]

The Court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify, in whole or in part,

---

[1] The Court allowed objections to be filed by March 9, 2018 [97]. The Government filed its Objections on March 10, 2018, but did not seek an extension of the deadline nunc pro tunc. Although the Government's Objections are untimely, the Court will nevertheless consider them. In addition, the Government's Objections total forty-four pages, which is nineteen pages longer than the limit of twenty-five pages. N.D. Ga. R. 7.1D. "The court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules." Id. 7.1F. Although the Government did not seek permission to file excess pages, the Court will nevertheless consider the Objections in their entirety.

the [R&R]." 28 U.S.C. § 636(b)(1)(C). Portions of the R&R to which no objection is made are reviewed only for clear error. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).

The Court originally issued an Order [57] construing Movant's "Motion to Vacate Plea Due to Immigration Consequences" as a 28 U.S.C. § 2255 motion, but subsequently issued an Order [61] granting the Government's Consent Motion to Construe the Matter as a Petition for Writ of Error Coram Nobis [60]. Judge Baverman concluded that the matter is properly construed as a § 2255 motion. [See Doc. 89 at 3-4]. The parties did not object to that conclusion, and the Court agrees with Judge Baverman's analysis of the issue. Accordingly, the Court's Order [61] granting the Government's Consent Motion to Construe the Matter as a Petition for Writ of Error Coram Nobis [60] is due to be vacated, and the Government's Consent Motion [60] is due to be denied.

Judge Baverman conducted an evidentiary hearing and recommended that Movant's construed § 2255 motion be granted. [Doc. 89 at 22]. Judge Baverman concluded that Movant's retained counsel in his criminal case, David R. MacKusick, provided ineffective assistance in advising Movant, a noncitizen, to plead guilty to a charge of income tax evasion. [Id. at 5-21].

2

Judge Baverman determined that MacKusick performed deficiently by failing to advise Movant that his conviction would lead to presumptively mandatory deportation. [Doc. 89 at 7-15]. In Padilla v. Kentucky, 559 U.S. 356 (2010), the United States Supreme Court decided that a criminal defense attorney must advise a noncitizen client whether his charge carries a presumptively mandatory deportation consequence. [Id. at 11-12]. Padilla applies to Movant because his conviction became final twenty-eight days after Padilla was decided, even though Padilla was not available to MacKusick when he advised Movant. [Id. at 15 n.8]. Judge Baverman found that MacKusick fell short of the standard in Padilla because he advised Movant that deportation was possible, rather than certain. [Id. at 12-15].

The Government objects that MacKusick provided sufficient advice in emails that he sent during the two years before Movant was charged with tax evasion on June 25, 2009. [Doc. 98 at 4-7, 10-17]. However, the Government itself concedes that MacKusick expressed "uncertainty" in September and October 2007 emails regarding the immigration consequences of Movant's criminal conduct, which was then under investigation as false claims for tax credits, not tax evasion. [Id. at 3-6]. The Court agrees with Judge Baverman that MacKusick's September and October 2007 emails do not satisfy the standard in Padilla. [Doc. 89 at 8-9].

3

In an email sent on June 15, 2009, MacKusick told Movant that he (1) "will ... be turned over to immigration for deportation proceedings" during the last six months of his sentence, (2) "can be deported" following the custodial portion of his sentence, (3) "will not be on supervised release," and (4) "will be deported" after the Government seizes his assets. [Doc. 89 at 9-10]. Judge Baverman recognized that this email "could possibly be interpreted as advice that deportation was a certainty." [Id. at 13]. However, Judge Baverman found that the email by itself did not satisfy the standard in Padilla because it (1) "was only one email among the many that MacKusick and Movant exchanged," (2) "preceded Movant's charge by ten days and guilty plea by approximately six months," (3) was internally inconsistent because it stated that Movant "can be deported" and "will be deported," (4) did not appear to be representative of MacKusick's overall advice to Movant, because MacKusick stated at sentencing that Movant's deportation was only "possible," and (5) was inconsistent with MacKusick's testimony at the evidentiary hearing, which was that he could not "say anything certain" to Movant regarding deportation. [Id. at 10-11, 13-14].

The Government objects to Judge Baverman's reasoning regarding MacKusick's email sent on June 15, 2009. [Doc. 98 at 16-17]. After careful consideration, the Court agrees with Judge Baverman that this single email does not

4

satisfy MacKusick's obligations under Padilla. The Court observes that the Government is unable to cite even one instance when MacKusick advised Movant that he faced presumptively mandatory deportation after he was actually charged on June 25, 2009. For the reasons given by Judge Baverman, a preponderance of the evidence shows that MacKusick performed deficiently because he did not satisfy the standard in Padilla.

Judge Baverman determined that MacKusick's deficient performance prejudiced Movant because he unknowingly gave up the chance, however slight, of achieving his goal of avoiding deportation. [Doc. 89 at 16-21]. In Lee v. United States, 137 S. Ct. 1958 (2017), the Supreme Court decided that a noncitizen criminal defendant who pleaded guilty may establish prejudice by showing that the determinative factor for him was to avoid deportation, rather than minimize his prison sentence. [Id. at 17-19]. Other courts have added that prejudice is not established if the defendant (1) knows, from a source such as a plea agreement, that deportation is presumptively mandatory following a guilty plea, and (2) proceeds with a guilty plea nevertheless. [Id. at 21 & n.10]. Judge Baverman found that Movant established prejudice because he (1) very much wanted to avoid deportation, and (2) did not know

AO 72A
(Rev.8/82)

that deportation was presumptively mandatory because it was not mentioned in his plea agreement or during the plea colloquy. [Id. at 19-21].

The Government objects that Movant was aware that his deportation was presumptively mandatory. [Doc. 98 at 9-10]. The Government notes that Movant consulted Joe Rosen, an immigration attorney, in October 2007, but the Government does not argue that Rosen gave Movant the advice required by Padilla. [Id. at 9-10, 28-29 (stating that the Government "is not confident that [Movant] has, even now, disclosed . . . the advice provided by Rosen"]. Therefore, Movant's consultation with Rosen does not show a lack of prejudice.

The Government also explains that, in October 2007, Movant sent an email to Rosen and MacKusick regarding Movant's own research on immigration law. [Doc. 98 at 9]. In that email, Movant (1) asked whether his conduct qualified as tax evasion, (2) reasoned that his "only defense versus deportation is barred if [his] actions are defined as [an] 'aggravated felony,' " and (3) stated that the "definitions of [an] aggravated felony . . . may cover my act" and "may be relevant to me." [Id. at 9-10 (citing Doc. 93-5 at 7)]. The Government argues that Movant's email revealed that he "learned the crime of tax evasion is an aggravated felony under the immigration code." [Id. at 3]. The Court is not convinced that Movant's email reflected a firm

6

enough grasp of the immigration consequences of his conduct as to render MacKusick's deficient performance irrelevant. Furthermore, the Government fails to cite any law explicitly indicating that a criminal defendant cannot demonstrate prejudice if his own legal research conflicts with his attorney's advice and turns out to be correct. For the reasons given by Judge Baverman, a preponderance of the evidence shows that Movant was prejudiced by MacKusick's deficient performance.

Based on the foregoing, the Government's Objections [98] are **OVERRULED**; Judge Baverman's R&R [89] is **ADOPTED** as the Opinion and Order of the Court; Movant's "Motion to Vacate Plea Due to Immigration Consequences" [27], construed as a § 2255 motion, is **GRANTED**;[2] the Judgment and Commitment in criminal action number 1:09-cr-308-RWS-AJB-1 [24] is **VACATED**; the Court's Order [61] granting the Government's Consent Motion to Construe the Matter as a Petition for Writ of Error <u>Coram Nobis</u> [60] is **VACATED**; and the Government's Consent Motion [60] is **DENIED**. The Clerk is **DIRECTED** to (1) enter judgment in favor of Movant in

---

[2] The Court does not address a Certificate of Appealability because it "is not required when . . . the United States or its representative appeals." Fed. R. App. P. 22(b)(3).

civil action number 1:15-cv-325-RWS and **CLOSE** that case, and (2) **REOPEN** criminal action number 1:09-cr-308-RWS-AJB-1 for further proceedings.

**SO ORDERED**, this 29th day of March, 2018.

_____
RICHARD W. STORY
United States District Judge

AO 72A
(Rev.8/82)